IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COREY L. MIDDLETON, | ) | CASE NO. 1:19-cv-01314 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN DOUGLAS FENDER, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

Petitioner Corey L. Middleton ("Middleton" or "Petitioner"), acting pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  Doc. 1.  His federal habeas petition was filed on June 7, 2019.  Doc. 1. (hereinafter referred to as "Petition").  Middleton challenges his convictions and sentences rendered in Cuyahoga County Common Pleas Court Case Nos. CR-11-556322, CR-12-567510, and CR-17-614514.  Doc. 1, p. 1; Doc. 1-1, p. 17; Doc. 8-1, pp. 59, 61.

After Middleton pleaded guilty to: a third-degree felony count of drug trafficking (CR-11-556322); third-degree felony count of improperly discharging a firearm into a habitation (CR-12-567510); and a third-degree felony count of having weapon while under disability (CR-17-614514), the trial court sentenced him to serve concurrent sentences of 18 months in CR-11-556322 and 24 months in CR-12-567510.  Doc. 8-1, p. 61.  The trial court also sentenced Middleton to serve 36 months in CR-17-614514, with the sentences in CR-11-556322 and CR-12-567510 to be served consecutive to the sentence in CR-17-614514 for a total prison term of 60 months.  Doc. 1, p. 1; Doc. 1-1, p. 2; Doc. 8-1, p. 61.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. On November 27, 2019, Respondent filed an Answer/Return of Writ. Doc. 8. Middleton had 45 day from Respondent's filing of the Answer/Return of Writ to file a Reply/Traverse (Doc. 6) but he has not done so. For the reasons set forth herein, the undersigned recommends that the Court **DISMISS** Middleton's Petition.

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Eighth District Ohio Court of Appeals summarized the facts underlying Middleton's convictions as follows:

> {¶ 2} In Cuyahoga C.P. No. CR-11-556322-A, Middleton pleaded guilty to a third-degree felony count of drug trafficking. In Cuyahoga C.P. No. CR-12-567510-B, Middleton pleaded guilty to a third-degree felony count of improperly discharging a firearm into a habitation. In Cuyahoga C.P. No. CR-17-614514-A, Middleton pleaded guilty to a third-degree felony count of having a weapon while under disability. The court ordered Middleton to serve concurrent sentences of 18 months in CR-11-556322-A and 24 months in CR-12-567510-B. The court ordered Middleton to serve 36 months in CR-17-614514-A. It also ordered that Middleton serve his sentences in CR-11-556322-A and CR-12-567510-B consecutive to the sentence in CR-17-614514-A, for a total sentence of 60 months.

*State v. Middleton*, 2018-Ohio-2524, ¶ 2, 2018 WL 3199186, * 1 (Ohio App. Ct. June 28, 2018); Doc. 8-1, p. 61.

## II. Procedural Background

### A. State conviction

On November 22, 2011, in Case No. CR-11-556322, a Cuyahoga County Grand Jury indicted Middleton on one count of drug trafficking with a schoolyard specification; one count of

drug possession; and one count of possessing criminal tools.  Doc. 8-1, pp. 4-6.  The three counts contained cell phone and money forfeiture specifications.  Doc. 8-1, pp. 4-6.  On December 11, 2011, the trial court found that Middleton had failed to appear in court as required by the conditions of his bond; ordered bond forfeiture; and issued a capias for Middleton.  Doc. 8-1, p. 7.

On October 16, 2012, in Case No. CR-12-567510, a Cuyahoga County Grand Jury indicted Middleton on four counts of improperly discharging into habitation, each with one- and three-year firearm specifications; four counts of felonious assault, each with one- and three-year firearm specifications; one count of having weapons under disability, each with a forfeiture of weapon specifications; and one count of improperly handling firearms in a motor vehicle with a forfeiture of weapon specification..  Doc. 8-1, pp. 8-14.  According to Respondent, Middleton failed to appear for his arraignment in the 2012 case and the court issued another capias.  Doc. 8, p. 2.

Further, Respondent states that, on February 16, 2017, Middleton was taken into custody on new charges and, on February 22, 2017, Middleton, through counsel, entered not guilty pleas in Cases Nos. CR-11-556322 and CR-12-567510.  Doc. 8, p. 2.  On February 27, 2017, in Case No. CR-17-614514, a Cuyahoga County Grand Jury indicted Middleton on one count of carrying a concealed weapon with a forfeiture of weapon specification and three counts of having weapons under disability, each with a forfeiture of a weapon while under disability specification. Doc. 8-1, pp. 15-18.

On July 5, 2017,[1] following agreed upon amendments to the indictments in each of the three cases, Middleton appeared in court and retracted his not guilty pleas and pleaded guilty to

_____

[1] The journal entries were docketed on July 6, 2017.  Doc. 8-1, pp. 18, 20, 22.

the following charges: trafficking offense with forfeiture specification as amended to delete schoolyard specification (Case No. CR-11-556322); attempted, improper discharging firearm at or into habitation or school as amended to delete firearm specifications (Case No. CR-12-567510); and having weapons while under disability with forfeiture specifications (Case No. CR-17-614514).  Doc. 8-1, pp. 18, 20, 22, 119-135.  On August 3, 2017,[2] the trial court sentenced Middleton to 18 months of imprisonment in Case No. CR-11-556322; 24 months in Case No. CR-12-567510; and 36 months in Case No. CR-17-614514.[3]  Doc. 8-1, pp. 19, 21, 23, 136-152. The trial court ordered that the sentences in Case Nos. CR-11-556322 and CR-12-567510 run concurrent with each other and consecutive to the sentence in CR-17-614514 for a total of 60 months in prison.  Doc. 8-1, pp. 19, 21, 23, 61.

**B.  Direct appeal**

On September 1, 2017, Middleton, through new counsel, filed notices of appeal with the Ohio Eighth District Court of Appeals in each of the three criminal cases outlined above.  Doc. 8-1, pp. 24-26, 27-29, 30-33 (CA-17-106197, CA-17-106200, CA-17-106202).  On September 18, 2017, the state court of appeals consolidated the three appeals for briefing, hearing, and disposition.  Doc. 8-1, p. 34.  In his appellate brief filed on December 20, 2017, (Doc. 7-1, pp. 35-46), Middleton raised the following assignments of error:

1.  The appellant's imposed consecutive sentences was contrary to law, and not supported by the record.

2.  The trial court committed reversible error in failing to make required findings on the record prior to sentencing that appellant to serve consecutive sentences.

---

[2] The journal entries were docketed on August 7, 2017.  Doc. 8-1, pp. 19, 21, 23.

[3] During the sentencing hearing, the trial court noted that Middleton had two other cases where he was on community control to the court, with the community control having been stayed pending capiases on him for failure to report and because of the violations on the current cases.  Doc. 8-1, pp. 139, 150.

Doc. 8-1, pp. 39, 42-45.  On February 12, 2018, the State filed its appellate brief.  Doc. 8-1, pp. 47-58.  On June 28, 2018, the Eighth District Court of Appeals affirmed and remanded the judgments of the Cuyahoga County Court of Common Pleas.  Doc. 8-1, pp. 59-64.  The court of appeals found that the trial court had made the required findings for imposing consecutive sentences as required by O.R.C. § 2929.14(C)(4) on the record at the time of sentencing but the sentencing entry did not comply with O.R.C. § 2929.14(C)(4) because it did not mention the third finding.  Doc. 8-1, p. 63, ¶ 6.  The court of appeals concluded that this failure did not render the sentence contrary to law.  *Id.*  Thus, the court of appeals remanded the cases for the trial court to issue a nunc pro tunc sentencing entry incorporating the third factor.  Doc. 8-1, p. 63, ¶¶ 6-7.

On August 2, 2018, Middleton acting pro se filed a notice of appeal with the Supreme Court of Ohio.  Doc. 8-1, pp. 65-66.  In his memorandum in support of jurisdiction filed in conjunction with the notice of appeal (Doc. 8-1, pp. 67-89), Middleton presented the following propositions of law:

1.     The Appellant's imposed consecutive sentences are contrary to law, and not supported by the record.

2.     The trial court committed reversible error in failing to make required findings on the record prior to sentencing the appellant to serve consecutive sentences.

Doc. 8-1, pp. 71-82.  On August 8, 2018, the State filed a Waiver of Memorandum in Response.  Doc. 8-1, p. 90.  On August 13, 2018, Middleton, represented by counsel, filed a notice of appeal with the Supreme Court of Ohio.  Doc. 8-1, pp. 91-93.  In his memorandum in support of jurisdiction (Doc. 8-1, pp. 94-109), Middleton presented the following propositions of law:

1.     The imposition of consecutive sentences was contrary to law, and not supported by the record.

2.     The trial court must make required findings before imposing consecutive sentences.

Doc. 8-1, pp. 99-102.  On October 24, 2018, the Supreme Court of Ohio declined to accept

jurisdiction of Middleton's appeal.  Doc. 8-1, p. 110.

### C.  Resentencing

Pursuant to the state court of appeals remand order, in each of the three cases, on

November 14, 2018[4], the trial court issued nunc pro tunc entries, setting forth the required

findings for consecutive sentences.  Doc. 8-1, pp. 111-117.

### D.  Federal habeas corpus

In his federal habeas petition, Middleton asserts the following two grounds for relief:

**GROUND ONE**: The appellant's imposed consecutive sentences are contrary to
law, and not supported by the record.

**Supporting Facts**: The consecutive sentences were not predicated on the required
statutory required law to impose consecutive sentences.

**GROUND TWO**: The trial court committed reversible error in failing to make
required findings on the record prior to sentencing the appellant to serve
consecutive sentences.

**Supporting Facts**: Middleton contends that the trial court failed to fully make the
findings required to impose consecutive sentences, improperly applying the rules
and statutes regarding sentencing.

Doc. 1, pp. 5-8; *see also* Doc. 1-1, pp. 4-17 (memorandum in support of habeas corpus petition).

### III.  Law and Analysis

### A.  Standard of review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

---

[4] The journal entries were docketed on November 20, 2018.  Doc. 8-1, pp. 111-116.

AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling

AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application'

of clearly established federal law when 'the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case.'"  *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable

application' clause requires the state court decision to be more than incorrect or erroneous."

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established

law must be objectively unreasonable."  *Id.*

"A state court decision involves 'an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding' only if it is shown that the state court's

presumptively correct factual findings are rebutted by "clear and convincing evidence" and do

not have support in the record."  *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (citing 28

U.S.C. § 2254(d) and § 2254(e)(1)).  "The presumption of correctness also applies to factual findings made by a state appellate court based on the trial record."  *Matthews*, 486 F.3d at 889 (citing *Sumner v. Mata,* 449 U.S. 539, 546-47, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981)).

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).  This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

### B.  The undersigned recommends that the Court DISMISS Middleton's Petition

In Grounds One and Two, Middleton seeks federal habeas relief based on alleged sentencing errors.  Doc. 1, pp. 5-8; *see also* Doc. 1-1, pp. 4-17.  He argues that his consecutive sentences are contrary to law and not supported by the record and that the trial court did not make the required findings necessary to impose consecutive sentences.  *Id.*  Respondent argues that Middleton's sentencing claims are not cognizable on federal habeas review.  Doc. 8, pp. 8-10.  As more fully explained below, the undersigned agrees.

The state court of appeals affirmed the judgments but remanded the matter for issuance of a nunc pro tunc entry to correct the sentencing entries to reflect the findings that were made on the record at the time of sentencing, stating:

> {¶ 5} The court stated on the record that "the harm is so great or unusual that a single term does not adequately reflect the seriousness of the offense of the conduct and is not disproportionate and is necessary to protect the public and punish the offender." Tr. 33. The court also found that Middleton was on community control at the time he committed his offenses. This was enough to establish the findings required by R.C. 2929.14(C)(4).

> {¶ 6} Although it made the required findings on the record at the time of sentencing, the court's sentencing entry did not comply with R.C. 2929.14(C)(4). The court stated: "The harm caused is so great or unusual that a single term does not adequately reflect the seriousness of the conduct, is not disproportionate and is necessary to protect the public and punish the offender." The court's sentencing entry did not mention the third finding. We therefore order the trial court to issue a nunc pro tunc sentencing entry incorporating the third finding. *See Bonnell* at ¶ 30 ("A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.").

*Middleton*, 2018-Ohio-2524, ¶¶ 5-6, 2018 WL 3199186, *1-2; Doc. 8-1, pp. 62-63.

Middleton's claim that the imposition of consecutive sentences violated Ohio law is not for this Court's review.  *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal citations omitted)); *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986) ("A federal court must accept a state court's interpretation of that state's statutes and rules of practice."); *see also*, *Garrett v. Miller*, 2012 WL 3989022, *3-4 (N.D. Ohio Aug. 13, 2012), *report and*

*recommendation adopted*, 2012 WL 3989004 (N.D. Ohio Sept. 11, 2012) ("A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.") (citing *Howard v. White,* 2003 WL 22146139, at *2 (6th Cir. Sept.16, 2003)*; Kipen v. Renico,* 2003 WL 21130033 (6th Cir. May 14, 2003)*; Terry v. Trippett,* 62 F.3d 1418, 1995 WL 469424, at *1 (6th Cir.1995) (TABLE, text in WESTLAW) (citing *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) (per curiam))  As indicated, the state appellate court found that the consecutive sentences were not contrary to law and this court is bound by the state court's interpretation of Ohio's sentencing statutes.  Moreover, Middleton's claim that the state court's determination was contrary to Ohio law is not cognizable on federal habeas review.

Additionally, Middleton has not demonstrated that his sentencing claims implicate federal constitutional concerns.  The Supreme Court, in *Oregon v. Ice*, 555 U.S. 160 (2009), when considering the scope of the 6th Amendment's jury trial guarantee as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), concluded that a trial court's imposition of consecutive sentences does not implicate federal constitutional concerns.  *See Oregon v. Ice*, 555 U.S. 160, 171 (2009); *see also Wilkins v. Warden, Chillicothe Correctional Inst.*, 2010 WL 5795505, * 19 (S.D. Ohio Sept. 2, 2010), *report and recommendation adopted*, 2011 WL 549916, * 3 (S.D. Ohio Feb. 8, 2011) (indicating that "the Supreme Court has made it clear that consecutive sentences may be imposed without implicating any concerns under the Sixth Amendment.") (citing *Ice*, 555 U.S. 160); *see also Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (concluding that a petitioner's challenge to the aggregation of several sentences involved a matter of state law and was not cognizable in the federal habeas proceeding).  Also, when a sentence is within the range prescribed by law,

there is no federal constitutional issue presented.  *White v. Keane*, 969 F.2d 1381, 1383 (2nd Cir.

1992) (rejecting petitioner's claim that the sentence imposed upon him resulted in cruel and

unusual punishment).

Considering the foregoing, the undersigned recommends that the Court DISMISS

Grounds One and Two because the sentencing claims raised therein are not cognizable on federal

habeas review.

## IV.    Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS**

Middleton's Petition.


Dated: April 20, 2020

*/s/ Kathleen B. Burke*
_____
Kathleen B. Burke
United States Magistrate Judge



## <u>OBJECTIONS</u>

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir.
1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).