UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COREY L. MIDDLETON, *Pro Se*, | ) | Case No.: 1:19 CV 1314 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN DOUGLAS FENDER, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On June 7, 2019, in the above-captioned case *Pro Se* Petitioner Corey L. Middleton ("Petitioner" or "Middleton") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In the Petition, Middleton challenges his convictions and sentences rendered in the Cuyahoga County Court of Common Pleas, Case Nos. CR-11-556322, CR-12-567510, and CR-17-614514. (Pet., ECF No. 1.) As relevant here, Middleton was sentenced to 18 months' imprisonment in Case No. CR-11-556322; 24 months' imprisonment in Case No. CR-12-567510; and 36 months' imprisonment in Case No. CR-17-614514. (*See* State Court Record at PageID #81–85, ECF No. 8-1.) The state court ordered that Middleton's sentences in Case Nos. CR-11-556322 and CR-12-567510 run concurrent with each other and consecutive to the sentence in Case No. CR-17-614514 for a total of 60 months in prison. (*Id.*) Middleton asserts two grounds for relief: (1) his consecutive sentences are contrary to law and not supported by the record ("Ground

One"), and (2) the trial court failed to make the findings necessary to impose consecutive sentences as required by Ohio Rev. Code 2929.14(C)(4) ("Ground Two"). (Mem. in Supp. at PageID #19–32, ECF No. 1-1.)

Middleton previously appealed his convictions and sentences on these same grounds to the Eighth District Court of Appeals (the "state appellate court"). (*See* State Court Records at PageID #86–92, 97–107, ECF No. 8-1.) The state appellate court affirmed the judgments in each case but remanded the matter to the state trial court for issuance of a *nunc pro tunc* entry to correct the sentencing entries to reflect the findings that were made on the record at the time of sentencing. (*See id.* at PageID #121–26.) In particular, the record provides:

> {¶ 5} The court stated on the record that "the harm is so great or unusual that a single term does not adequately reflect the seriousness of the offense of the conduct and is not disproportionate and is necessary to protect the public and punish the offender." Tr. 33. The court also found that Middleton was on community control at the time he committed his offenses. This was enough to establish the findings required by R.C. 2929.14(C)(4).
>
> {¶ 6} Although it made the required findings on the record at the time of sentencing, the court's sentencing entry did not comply with R.C. 2929.14(C)(4). The court stated: "The harm caused is so great or unusual that a single term does not adequately reflect the seriousness of the conduct, is not disproportionate and is necessary to protect the public and punish the offender." The court's sentencing entry did not mention the third finding. We therefore order the trial court to issue a nunc pro tunc sentencing entry incorporating the third finding. *See* Bonnell at ¶ 30 ("A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.").

(*Id.* at PageID #124–25.)

On August 15, 2019, the court referred the case to Magistrate Judge Kathleen B. Burke ("Judge Burke" or the "Magistrate Judge"), pursuant to Local Rule 72.2, for preparation of a Report and Recommendation ("R & R"). (ECF No. 5.) Judge Burke filed her R & R on April 20, 2020, recommending that the court dismiss Middleton's Petition. (ECF No. 9.)

In the R & R, the Magistrate Judge recommends that the court dismiss Middleton's Petition in its entirety. (R & R at PageID #217, ECF No. 9.) Judge Burke determined that neither Ground One nor Ground Two are cognizable on habeas review. (*Id.* at PageID #225–26.) In so finding, Judge Burke determined that the state appellate court found that Middleton's sentences were not contrary to law and that this court is bound by the state court's interpretation of Ohio's sentencing statutes. (*Id.* at PageID #225); *see Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986) ("A federal court must accept a state court's interpretation of that state's statutes and rules of practice."). Judge Burke also found that Middleton's sentences presented no federal constitutional issues. (*Id.* at PageID #225–26); *see Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (concluding that a petitioner's challenge to the aggregation of several sentences involved a matter of state law and was not cognizable in the federal habeas proceeding).

Objections to Judge Burke's R & R were due on or before May 4, 2020. However, as of the date of this Order, no Objections have been filed. Accordingly, this matter is ripe for review.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts as its own Judge Burke's R & R (ECF No. 9) in its entirety and denies Middleton's Petition (ECF No. 1). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal

from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

       IT IS SO ORDERED.

                                          /s/ *SOLOMON OLIVER, JR.*
                                          UNITED STATES DISTRICT JUDGE

May 28, 2020